IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS REYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:21-cv-3034 |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

COMES NOW Plaintiff, Jesus Reyes, by and through counsel, and for his Complaint against Defendant, BNSF Railway Company, a Delaware corporation, respectfully states and alleges as follows:

## **PARTIES**

1. Plaintiff, Jesus Reyes is and was at all times herein relevant a citizen and resident of the State of Nebraska, residing in Lincoln, Nebraska.

2. Defendant, BNSF Railway Company ("BNSF") is a foreign corporation organized and existing according to law, conducting business as a common carrier by railroad engaged in interstate commerce with facilities, tracks and employees located in and through several states, including in and through the State of Nebraska. At all times material BNSF received, accepted and transported various shipments of freight in and through the State of Nebraska, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times material was and is presently conducting business in and through the State of Nebraska.

3. Defendant BNSF can be served through its agent for service of process at CT Corporation System, 5601 South 59th Street, Lincoln, Nebraska 68516.

## JURISDICTION & VENUE

4. Jurisdiction is appropriate under 28 U.S.C. § 1331 as Plaintiff's Complaint involves a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA") and this Court has subject matter jurisdiction over this claim pursuant to 45 U.S.C. § 56.

5. The events giving rise to Plaintiff's cause of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

6. Plaintiff's cause of action arose less than three years from the filing of this cause of action which is timely pursuant to 45 U.S.C. § 56 of the FELA.

## FACTUAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 and 2 of his Complaint as if the same were set forth verbatim herein.

8. At all times material herein, Plaintiff was employed by Defendant BNSF as a Carman and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of Defendant BNSF's interstate commerce activities and in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant BNSF as a railroad common carrier.

9. On February 25, 2018 Plaintiff was working in the course and scope of his railroad employment with Defendant BNSF at its Hobson Yard rail facility in Lincoln, Nebraska. Plaintiff was performing an inbound inspection of a string of railcars located on Track 902 wearing BNSF approved personal protective equipment including hearing protection. While performing his job

duties, two coupled locomotives being operated by a BNSF employee on an adjacent track suddenly and without warning and for no justifiable reason activated the lead locomotive horn for an extended period of time in the immediate vicinity of Plaintiff, causing in whole or in part Plaintiff's hereinafter alleged injuries and consequent damages.

10. Under the FELA, at all times Defendant BNSF had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe supervision for work, reasonably safe training related to the work procedures performed, and a duty to exercise reasonable care in connection with all aspects of Plaintiff's working environment specifically including on February 25, 2018.

11. Defendant BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

(a) BNSF failed to provide Plaintiff with a reasonably safe place to work;

(b) BNSF failed to provide Plaintiff with reasonably safe conditions for work;

(c) BNSF failed to provide Plaintiff with reasonably safe equipment for work;

(d) BNSF failed to provide Plaintiff with reasonably safe methods and procedures for work;

(e) BNSF failed to provide Plaintiff with reasonably safe and adequate supervision;

(f) BNSF failed to provide its employees with reasonably safe and adequate training;

(g) BNSF customarily failed to enforce its own safety rules, policies and procedures; and/or

(h) BNSF allowed and permitted unsafe work practices and procedures to become customary and accepted work practices.

12. Defendant BNSF knew, or in the exercise of reasonable care should have known that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Plaintiff.

13. Plaintiff's injuries were caused, even in the slightest, as a result of one or more of Defendant BNSF's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's duties under the FELA.

14. As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained new injuries and/or an aggravation of preexisting conditions with his bilateral ears and auditory system to include bilateral high frequency sensorineural hearing loss and bilateral tinnitus with additional injuries to anatomical structures within Plaintiff's skull and brain, all of which have resulted in Plaintiff experiencing a loss of hearing, constant ringing in both ears, permanent impairment, neurological damage and dysfunction, physical pain, emotional suffering and loss of enjoyment of life, and Plaintiff will continue to suffer from the aforesaid permanent and progressive conditions in the future.

15. As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received medical and therapeutic care and treatment and will require such additional care and treatment in the future, and Plaintiff has incurred expenses for his medical and therapeutic care and treatment and will incur such additional expenses in the future for his medical care and needs.

16. As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations,

Plaintiff sustained the aforesaid injuries and resulting symptomatology and may sustain an impairment of his earning capacity in the future with a future a loss of fringe benefits of employment and loss of pension and retirement benefits in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jesus Reyes prays for judgment of and from Defendant BNSF Railway Company for such general and special damages as he is entitled to recover under law in excess of seventy-five thousand dollars ($75,000.00), together with post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which he may be justly entitled to receive, whether specifically prayed for or not.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Respectfully submitted,

CHOD LAW, LLC

/s/ *Jeffrey E. Chod*
Jeffrey E. Chod
\* *Admitted in the District Court of Nebraska*
P.O. Box 17727
Denver, CO 80217-7727
Telephone: (314) 541-5862
Facsimile: (719) 470-2244
E-Mail: jchod@chodlawfirm.com

**ATTORNEY FOR PLAINTIFF**